```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:13-cv-225 (L. BRENNER) |

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Lisa Brenner was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Brenner brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Brenner also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment on several of Brenner's claims. For the reasons set forth below, Mentor's Motion for Partial Summary Judgment (ECF No. 30 in 4:13-cv-225) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of

*material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Brenner, the record reveals the following.  Brenner is a California resident, and all of her medical treatment relevant to this action occurred in California.  She consulted Dr. Eric Shepard for treatment of her stress urinary incontinence, and Dr. Shepard implanted Brenner with ObTape in 2004.  Brenner began experiencing recurrent incontinence in 2010, and she developed pelvic pain and dyspareunia in 2013.  Brenner attributes these symptoms to ObTape.

Brenner filed her Complaint on July 5, 2013. *See generally* Compl., ECF No. 1 in 4:13-cv-225.  Brenner brought claims for personal injury under a variety of theories, including negligence, strict liability design defect, strict liability manufacturing defect, strict liability failure to warn, breach of implied and express warranties, fraudulent misrepresentation,

2

fraudulent concealment, and negligent misrepresentation. Mentor seeks summary judgment on her claims for strict liability design defect, strict liability manufacturing defect, and breach of implied and express warranties. Brenner does not contest summary judgment on her claims for strict liability design defect, strict liability manufacturing defect, and breach of implied warranties. Summary judgment is therefore granted as to those claims. The only remaining question raised by Mentor's partial summary judgment motion is whether Brenner's breach of express warranty claim survives summary judgment.

## DISCUSSION

Brenner filed her action in this Court under the Court's direct filing order. The parties agree that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. The parties also agree that California law applies to Brenner's claims because Brenner is a California resident and all of her medical treatment relevant to this action occurred in California.

Brenner asserts a breach of express warranty claim based on Mentor's alleged failure to warn of ObTape's "dangerous side effects." *See* Compl. ¶¶ 69, 74 (alleging that Mentor warranted that ObTape "did not produce any dangerous side effects" even

3

though it did).  Mentor contends that Brenner's breach of express warranty claim fails because she did not notify Mentor of the alleged breach before filing her lawsuit.  California's commercial code requires a buyer to notify the seller of a breach within a reasonable time after discovering the breach; if such notice is not given, the buyer is "barred from any remedy." Cal. Com. Code § 2607(3)(A).  Brenner argues that there is no warranty notice requirement for remote buyer breach of warranty claims.  This is the same argument the Court recently rejected in *Escalera v. Mentor Corporation*, No. 4:12-cv-238, 2015 WL 5468791, at *2 (M.D. Ga. Sept. 16, 2015).  Like Escalera, Brenner did not point the Court to any authority that California's adoption of strict liability in tort in *Greenman v. Yuba Power Products, Inc.*, 59 Cal.2d 57 (1963) removes the warranty notice requirement for a plaintiff attempting to proceed under a *contract* theory of recovery.  In the absence of such authority, the Court concludes that Brenner's breach of express warranty claim fails for failure to provide the required statutory notice, and summary judgment is therefore granted on her breach of express warranty claim.

## CONCLUSION

As discussed above, Mentor's Motion for Partial Summary Judgment (ECF No. 30 in 4:13-cv-225) is granted.  Only the following claims remain pending for trial: negligence, strict

4

liability failure to warn, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation.

Within seven days of the date of this Order, the parties shall notify the Court whether the parties agree to a *Lexecon* waiver.

IT IS SO ORDERED, this 19th day of October, 2015.

S/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA
